**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RHEEM MANUFACTURING COMPANY and RHEEM SALES COMPANY, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:23-cv-04688-WMR |
| v. | ) ) | |
| A. O. SMITH CORP., | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT A. O. SMITH CORP.'S REPLY IN SUPPORT OF ITS**
**MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE**
**ALTERNATIVE, MOTION TO TRANSFER VENUE**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ...................................................................................1

II.    ARGUMENT.........................................................................................3

    A.    Venue In "Patent Cases" Is Governed By § 1400(b), Not
           § 1391 .......................................................................................3

    B.    Even If § 1391 Applies, Venue Is Still Improper In This
           District .....................................................................................6

          1.    *AOS does not "reside" in this District.* .....................6

                i.    AOS has in no way consented to
                      personal jurisdiction. ..............................................6

                ii.    This Court does not have general
                      personal jurisdiction over AOS. ............................7

                iii.    This Court does not have specific
                      jurisdiction over AOS...........................................9

                iv.    Even if this Court has personal
                      jurisdiction over AOS, the exercise of
                      jurisdiction would not be "reasonable
                      and fair." ................................................................10

          2.    *A substantial part of the events giving rise to this
               case occurred outside this District.* .........................12

    C.    AOS Moved To Transfer Under § 1406(a) Because
           Venue Is Improper.................................................................13

III.    CONCLUSION..................................................................................14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
566 F.3d 1012 (Fed. Cir. 2009) ............................................................7

*Bruder Healthcare Co. v. Bigwall Enters., Inc.*,
No. 1:13-CV-04138-SCJ, 2020 WL 13587804 (N.D. Ga. July 28,
2020) .....................................................................................................2

*Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories,
Inc.*,
265 F. Supp. 3d 1196 (D. Or. 2017) .....................................................5

*Cooper Tire & Rubber Co. v. McCall*,
312 Ga. 422, 863 S.E.2d 81 (2021) ......................................................9

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*,
593 F.3d 1249 (11th Cir. 2010) ............................................................7

*Doe (K.B.) v. G6 Hosp., LLC*,
No. 1:23-CV-2597-TWT, 2023 WL 8650785 (N.D. Ga. Dec. 14,
2023) .....................................................................................................7

*Empirical Regent, LLC v. Sunny Design & Bus. Consulting, LLC*,
No. 1:19-CV-3253-MHC, 2020 WL 4557564 (N.D. Ga. Feb. 25,
2020) ...................................................................................................13

*Fusionbrands, Inc. v. Suburban Bowery of Suffern, Inc.*,
No. 1:12-CV-0229-JEC, 2013 WL 5423106 (N.D. Ga. Sept. 26,
2013) ...................................................................................................10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984)..............................................................................7

*HollyAnne Corp. v. TFT, Inc.*,
199 F.3d 1304 (Fed. Cir. 1999) ..........................................................13

*In re Cray Inc.*,
871 F.3d 1355 (Fed. Cir. 2017) .......................................................1, 4

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*,
326 U.S. 310 (1945)). ............................................................................8

*Ironburg Inventions Ltd. v. Valve Corp.*,
No. 1:15-CV-4219-TWT, 2017 WL 3307657 (N.D. Ga. Aug. 3, 2017) ......................................................................................................4

*KM Enters., Inc. v. Glob. Traffic Techs., Inc.*,
725 F.3d 718 (7th Cir. 2013) .................................................................9

*OptoLum, Inc. v. Cree, Inc.*,
No. CV-16-03828-PHX-DLR, 2017 WL 3130642 (D. Ariz. July 24, 2017) ..................................................................................................5

*Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*,
No. 1:13-CV-645, 2017 WL 5176355 (M.D.N.C. Nov. 7, 2017) ........2

*PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*,
598 F.3d 802 (11th Cir. 2010) ..............................................................8

*Tazoe v. Airbus S.A.S.*,
631 F.3d 1321 (11th Cir. 2011) ..........................................................14

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
581 U.S. 258 (2017)........................................................................2, 4, 5

*Teasley v. Toyota Motor Corp.*,
No. 4:22-CV-00049-JPB, 2022 WL 17419551 (N.D. Ga. Dec. 5, 2022) ............................................................................................7, 9, 10

*Thornton v. Toyota Motor Sales, U.S.A., Inc.*,
397 F. Supp. 476 (N.D. Ga. 1975)......................................................13

*Valeant Pharm. N. Am. LLC v. Mylan Pharm. Inc.*,
978 F.3d 1374 (Fed. Cir. 2020) ............................................................4

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
917 F.2d 1574 (Fed. Cir. 1990) ......................................................2, 4, 5

- iii -

*Westech Aerosol Corp. v. 3M Co.*,
    No. C17-5067-RBL, 2017 WL 2671297 (W.D. Wash. June 21,
    2017) ....................................................................................................................5

## STATUTES

28 U.S.C. § 1391 ..................................................................................................passim

28 U.S.C. § 1400(b) .............................................................................................passim

28 U.S.C. § 1404(a) ...............................................................................3, 12, 13, 14

28 U.S.C. § 1406(a) ...................................................................................3, 12, 13

## I.   INTRODUCTION

Rheem is asking for an exception to the rule that the patent venue statute, § 1400(b), is the sole venue statute that applies in patent cases—"patent cases," not "patent cases brought by the patent owner." The purpose underlying the patent venue statute is to prevent forum shopping in patent cases by "eliminat[ing] the 'abuses engendered' by previous venue provisions allowing such suits to be brought in any district in which the defendant could be served." *In re Cray Inc.*, 871 F.3d 1355, 1361 (Fed. Cir. 2017). It would not make any sense to allow a party to skirt the stringent requirements of § 1400(b) by filing a declaratory judgment action for non-infringement in the party's district of choice where venue would be improper under § 1400(b). A declaratory judgment action for non-infringement is the flip side of the same coin as a patent action for infringement. The issues in the litigation would be exactly the same had AOS not been beaten to the courthouse and filed its complaint first.[1] Rheem's proposed distinction would turn § 1400(b) on its head by effectively rewarding precisely the behavior that it was intended to prevent and should be rejected.

---

[1] Rheem complains that it "should never have been forced to file this case in the first place." Opp'n at 6, n.4. This is a peculiar statement given that Rheem alleges that AOS was going to "imminently" file its complaint against Rheem. Cmplt., ¶ 5. If Rheem wishes to withdraw its complaint to allow AOS to file its case against Rheem, AOS would have no objection.

- 1 -

Because Rheem does not (because it cannot) attempt to argue that venue is not improper under § 1400(b), Rheem resorts to arguing that *TC Heartland* did not disturb "well-settled law" controlling venue in patent cases. This could not be further from the truth—"*TC Heartland* marked a 'sea change' in venue law for patent actions." *Bruder Healthcare Co. v. Bigwall Enters., Inc.*, No. 1:13-CV-04138-SCJ, 2020 WL 13587804, at *2 (N.D. Ga. July 28, 2020); *see also Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, No. 1:13-CV-645, 2017 WL 5176355, at *7 (M.D.N.C. Nov. 7, 2017) ("*TC Heartland* effected a fundamental, intervening change in patent law.").

Rheem fails to cite a *single* Federal Circuit decision—which is the binding case law applicable to this patent action—post-*TC Heartland* in support of its position that § 1391 applies. The only Federal Circuit decision Rheem does cite from any timeframe is *VE Holding*, which was expressly *abrogated* by *TC Heartland*. Lacking the support it seeks, Rheem turns to district court decisions that are in direct conflict with the Federal Circuit's clear instruction in its post-*TC Heartland* decisions that venue in patent cases is governed solely and exclusively by § 1400(b). Other district courts follow this instruction.

Even assuming, *arguendo*, that § 1391 applies, Rheem has failed to carry its burden in establishing proper venue in this District. First, AOS does not "reside" in this District: AOS in no way consented to jurisdiction here, and this Court lacks

- 2 -

general and specific jurisdiction over AOS. Second, a substantial part of the events giving rise to this case occurred outside this District—some correspondence and one in-person meeting (which Rheem demanded take place in Atlanta) are not enough to keep this case in this District. And even if jurisdiction is proper over AOS, the exercise of jurisdiction in this scenario would no doubt violate due process.

Rheem's last-ditch attempt to keep this case in this District is arguing that AOS's transfer request "fails as a matter of law" because AOS moved to transfer under § 1406(a), not § 1404(a). However, a party moving for transfer on the basis of improper venue under 28 U.S.C. § 1406(a) is not obligated to alternatively move under 28 U.S.C. § 1404(a) for forum *non conveniens*. In fact, when venue is improper—as is the case here—transfer under § 1404(a) is "*foreclosed*" and the case must be transferred or dismissed under § 1406(a).

The Court should therefore dismiss Rheem's complaint or, alternatively, transfer this case to the District of Delaware—a district that Rheem does not dispute is a proper venue.

## II.    ARGUMENT

### A.    Venue In "Patent Cases" Is Governed By § 1400(b), Not § 1391

Whether the plaintiff in a patent case is the patent holder or the accused infringer is a distinction without a meaningful difference. Regardless of whether AOS or Rheem is the plaintiff, the legal issues are identical: whether Rheem has

infringed AOS's valid patent. Infringement contentions, claim construction, fact and expert discovery, summary judgment, and trial will not differ in any way if the case commenced as a declaratory judgment action for non-infringement. Applying one venue statute in one situation and applying another venue statute in the other situation elevates form over substance, especially considering the purpose underlying the patent venue statute—to prevent forum shopping. *See In re Cray Inc.*, 871 F.3d 1355, 1361 (Fed. Cir. 2017) (Congress enacted § 1400(b) to prevent forum shopping in patent cases by "eliminat[ing] the 'abuses engendered' by previous venue provisions allowing such suits to be brought in any district in which the defendant could be served.").

Rheem argues that § 1391 applies to declaratory judgment actions for non-infringement. Opp'n at 6-10. The only Federal Circuit authority on which Rheem relies is *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990). However, that case was abrogated by *TC Heartland*. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 269-70 (2017) ("[T]here is no indication that Congress in 2011 ratified the Federal Circuit's decision in *VE Holding*. If anything, the 2011 amendments undermine that decision's rationale. . . . In short, nothing in the text suggests congressional approval of *VE Holding*."); *Valeant Pharm. N. Am. LLC v. Mylan Pharm. Inc.*, 978 F.3d 1374, 1379 (Fed. Cir. 2020) (*TC Heartland* "overturned *VE Holding* and its progeny"); *Ironburg*

*Inventions Ltd. v. Valve Corp.*, No. 1:15-CV-4219-TWT, 2017 WL 3307657, at *2
(N.D. Ga. Aug. 3, 2017) ("*VE Holding* controlled patent venue law for almost thirty
years until it was abrogated by *TC Heartland*.").

In 2015, the House of Representatives stated that "Congress 'must correct'
the 'infamous decision in *VE Holding*' and 'restore § 1400 to its role of protecting
*patent owners and accused infringers* from the burden of being forced to litigate in
remote locations.'" *OptoLum, Inc. v. Cree, Inc.*, No. CV-16-03828-PHX-DLR, 2017
WL 3130642, at *4 (D. Ariz. July 24, 2017) (emphasis added) (quoting H.R. Rep.
No. 114-235, at 34 (2015)). "If *VE Holding* affected a significant change in law in
1990—as Congress lamented about in its legislative reports—its reversal in *TC
Heartland* more than two decades later likewise constituted an intervening change
in the law." *Id. VE Holding* is no longer good law, and Rheem is without any Federal
Circuit authority supporting its argument that § 1391 applies here.

Indeed, "*TC Heartland* changed the venue landscape. For the first time in 27
years, *a defendant* may argue credibly that venue is improper in a judicial district
where it is subject to a court's personal jurisdiction but where it is not incorporated
and has no regular and established place of business." *Westech Aerosol Corp. v. 3M
Co.*, No. C17-5067-RBL, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017)
(emphasis added). Allowing a declaratory judgment plaintiff in a case where the only

issue is patent infringement to choose its forum under § 1391 would directly conflict with the purpose of § 1400(b) and *TC Heartland*.

This is a patent case, venue in patent cases is governed solely and exclusively by § 1400(b), *see Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 265 F. Supp. 3d 1196, 1199 (D. Or. 2017) ("§ 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)"), and venue in this District is indisputably improper under § 1400(b). Rheem does not contest venue is improper under the patent venue statute.

### B.    Even If § 1391 Applies, Venue Is Still Improper In This District

Even under the general venue statute, § 1391, venue is improper over AOS because (1) AOS does not "reside" in this District, and (2) a substantial part of the events giving rise to this case occurred outside this District. But, most importantly, the exercise of jurisdiction over AOS would violate due process.

1.    *AOS does not "reside" in this District.*

i.    AOS has in no way consented to personal jurisdiction.

Recognizing that this action has little ties to this District, Rheem's main argument centers on its assertion that AOS somehow "consented" to personal jurisdiction by waiver. *See* Opp'n at 12-13. AOS's opening brief, however, clearly disputes personal jurisdiction: "A defendant corporation 'shall be deemed to reside

. . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question,'" and "AOS does not reside in this District." Br. at 10. AOS thus disputes that personal jurisdiction is lacking because AOS does not reside in this District. AOS did not consent to personal jurisdiction.

Rheem relies on Judge Thrash's decision in *Doe (K.B.)*, but that case is not on point. *See* Opp'n at 12. There, the defendant did not dispute personal jurisdiction at any time. *See Doe (K.B.) v. G6 Hosp., LLC*, No. 1:23-CV-2597-TWT, 2023 WL 8650785, at *3 (N.D. Ga. Dec. 14, 2023). AOS did.

      ii.   <u>This Court does not have general personal jurisdiction over</u>
<u>AOS.</u>

General jurisdiction exists where a non-resident defendant maintains sufficiently systematic and continuous contacts with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984); *see also Teasley v. Toyota Motor Corp.*, No. 4:22-CV-00049-JPB, 2022 WL 17419551, at *3 (N.D. Ga. Dec. 5, 2022) ("General jurisdiction extends to all claims a plaintiff may bring, but it may be exercised 'only when a defendant is "essentially at home in the [forum] State."' A defendant corporation is typically 'at home' in its 'place of incorporation and principal place of business.'").

Rheem argues that general personal jurisdiction is met based on *Cooper Tire* and the State of Georgia's long-arm statute. But Rheem completely ignores that

- 7 -

general jurisdiction must also satisfy federal constitutional standards: "Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009); *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1263 (11th Cir. 2010) ("We can no longer construe the Georgia long-arm statute as coextensive with constitutional due process. Instead, in assessing the propriety of the exercise of personal jurisdiction, courts must apply the specific limitations and requirements of O.C.G.A. § 9–10–91 literally and must engage in a statutory examination that is independent of, and distinct from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied.").

If the state's long-arm statute provides jurisdiction, courts must "proceed to the second step and determine whether 'the defendant ha[s] minimum contacts with the forum state' and, if it does, whether the district court's exercise of jurisdiction over that defendant would 'offend traditional notions of fair play and substantial justice.'" *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 807 (11th Cir. 2010). "The U.S. Constitution requires that [defendant] have 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at 732 (quoting

- 8 -

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)).

Indeed, the *Cooper Tire* decision itself recognizes that a scenario such as this raises significant due process concerns. *See Cooper Tire & Rubber Co. v. McCall*, 312 Ga. 422, 435-36, 863 S.E.2d 81, 91-92 (2021). And, as the concurring opinion notes, "in light of the trend in the recent opinions of the United States Supreme Court regarding the exercise of personal jurisdiction by state courts, there appears to be a meaningful chance that the current law of Georgia will, at some point, be found to be inconsistent with the requirements of federal due process." *Id.* at 437-38 (Bethel, J., concurring).

AOS does not have the requisite "minimum contacts" with this District for general jurisdiction to satisfy federal constitutional standards. *See* Br. at 12-13 (detailing the *de minimis* contacts AOS has with this District). This Court therefore lacks general personal jurisdiction over AOS.

       iii.   <u>This Court does not have specific jurisdiction over AOS.</u>

"Unlike general jurisdiction, specific jurisdiction does not extend to all claims brought by a plaintiff. Rather, it is confined to the adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Teasley*, 2022 WL 17419551, at *4; *see also KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 732 (7th Cir. 2013) ("Beyond the presence of GTT technology and

minimal in-district sales, the district court found, and KME does not dispute, that GTT has no offices or employees in the district, that GTT equipment (apart from its direct sales) is purchased from and installed by third-party distributors whom GTT does not control, and that GTT does not send agents into the district for purposes of maintaining the equipment or providing other customer service. GTT does not do business or carry on business of any substantial character in the district, and venue is not proper." (cleaned up)).

Specific jurisdiction does not exist here. First, Rheem's claims do not "arise out of or relate to" AOS's contacts within the forum. *See Teasley*, 2022 WL 17419551, at *4. Second, AOS has not "'purposefully availed' itself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws." *Id.* Third, the exercise of personal jurisdiction does not comport with "traditional notions of fair play and substantial justice." *Id.* All three of these factors, which courts examine to determine whether specific jurisdiction exists, weigh in favor of AOS.

> iv.   Even if this Court has personal jurisdiction over AOS, the
>       exercise of jurisdiction would not be "reasonable and fair."

Rheem fails to address whether the exercise of jurisdiction would be "reasonable and fair," despite Rheem's explicit admission that AOS's opening brief addressed this issue. *See* Opp'n at 11-12. Rheem's silence speaks volumes. If this

Court has jurisdiction over AOS, the exercise of jurisdiction would not be reasonable nor fair, and Rheem does not argue otherwise.

As AOS explained in its opening brief, "(1) the burden on the defendant, (2) the forum's interest in adjudicating the dispute, (3) plaintiff's interest in obtaining convenient forum and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the sates in furthering fundamental substantive social policies" all weigh in favor of the Court declining to exercise jurisdiction over AOS. *See Fusionbrands, Inc. v. Suburban Bowery of Suffern, Inc.*, No. 1:12-CV-0229-JEC, 2013 WL 5423106, at *7 (N.D. Ga. Sept. 26, 2013).

AOS and Rheem are both incorporated in Delaware and exist under the laws of Delaware. AOS's principal place of business, including its witnesses and evidence, is in Wisconsin. Dkt. No. 18-2, ¶ 5. The District of Delaware previously adjudicated the validity of the '897 patent and related infringing acts. Moreover, AOS filed its infringement action against Rheem in the District of Delaware for its activities on which Rheem seeks a declaratory judgment of noninfringement here. The District of Delaware therefore has a strong interest in adjudicating Rheem's infringement of AOS's '897 patent. Thus, even if the Court finds that personal jurisdiction over AOS exists, the exercise of jurisdiction in this District would not be "reasonable and fair."

- 11 -

2.      *A substantial part of the events giving rise to this case occurred outside this District.*

First, Rheem misunderstands AOS's opening brief when it argues that AOS "attempt[s] to weigh the events that occurred outside this district against those that occurred in this District." Opp'n at 17-18. The question is whether "a substantial part of the events or omissions giving rise to the claim occurred" in this District. 28 U.S.C. § 1391(b)(2). This necessarily involves looking at the events giving rise to this action that occurred in this District versus events giving rise to this action that occurred outside this District—i.e., whether it is a "substantial part."

Second, Rheem's argument that "nearly every fact giving rise to Rheem's claim occurred in this District" is demonstrably false. *See* Opp'n at 18. The *only* events that occurred in this District are some correspondence from AOS to Rheem and one in-person meeting.[2] These two things do not comprise a "substantial" part of the events giving rise to this action. The remainder of the events (i.e., the "substantial" part) giving rise to this action that occurred outside this District are set forth in AOS's opening brief, at 12-13.

_____

[2] The in-person meeting was to facilitate mediation. Instead, however, Rheem pulled a bait-and-switch, suing unsuspecting AOS in its preferred venue. Rheem should not now be allowed to use the mediation to support its forum shopping. Indeed, the mediation agreement signed by the parties stated that it shall not be used for any purpose other than the mediation. Rheem disregards that agreement by using information about the mediation (i.e., location) to try to establish venue in this District. *See* Cmplt., ¶¶ 5, 25, 32, 57, 59, 63, 91.

Rheem also tries to establish conduct of third parties (*not AOS*), such as water-heater installers and retailers like Lowe's, which sell and service AOS brand water heaters in this District, are somehow attributable to AOS for purposes of venue. They are not: AOS has no control over these third parties. And even if they were, third-party installers and retailers are in no way related to the events giving rise to this action. Rheem's products are the subject of infringement, not AOS's.

## C. AOS Moved To Transfer Under § 1406(a) Because Venue Is Improper

Rheem's final attempt to keep the case in this District is its argument that AOS's transfer request "fails as a matter of law" because AOS moved to transfer under § 1406(a), not § 1404(a). Opp'n at 19-20. Section 1406(a) provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Section 1404(a), on the other hand, provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

"A district court can transfer venue under either 28 U.S.C. § 1404(a) or 28 U.S.C § 1406(a)." *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999). Unlike § 1404(a), however, "§ 1406(a) authorizes courts to transfer venue when personal jurisdiction is lacking." *Empirical Regent, LLC v. Sunny Design &*

*Bus. Consulting, LLC*, No. 1:19-CV-3253-MHC, 2020 WL 4557564, at \*12 (N.D. Ga. Feb. 25, 2020). A party moving for transfer on the basis of improper venue under § 1406(a) is not obligated to alternatively move under 28 U.S.C. § 1404(a) for forum *non conveniens*.

In fact, when venue is improper, transfer under § 1404(a) is "*foreclosed*" and the case must be transferred or dismissed under § 1406(a). *Thornton v. Toyota Motor Sales, U.S.A., Inc.*, 397 F. Supp. 476, 477 (N.D. Ga. 1975) ("Since venue is improper in this court, transfer under 28 U.S.C. § 1404(a) is foreclosed."). Because AOS's position is that venue is improper, it correctly moved for transfer under § 1406(a).[3]

## III.   CONCLUSION

For the reasons above and in AOS's opening brief and supporting papers, Rheem has not met its burden in establishing venue is proper over AOS in the Northern District of Georgia. Accordingly, AOS respectfully requests that the Court dismiss this action or, in the alternative, transfer this case to the District of Delaware.

---

[3] The parties' briefing on AOS's motion to dismiss establishes that the District of Delaware is the logical and most convenient forum to adjudicate this dispute. However, should the Court determine that (1) venue is proper in this District, and (2) additional briefing on this question is needed prior to transfer under § 1404(a), the Court should "issue an order [for Rheem] to show cause why the case should not be transferred." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *see also* Opp'n at 20, n.6.

Dated this 27th day of February, 2024          Respectfully submitted,


By:  */s/ Andrew A. Roberts*
     Andrew A. Roberts
     Georgia Bar No. 425333
     ALSTON & BIRD LLP
     1201 West Peachtree Street
     Atlanta, Georgia 30309
     Phone: (404) 881-7268
     Fax: (404) 881-7777
     Andrew.Roberts@alston.com

     S. Edward Sarskas
     Michael R. Laing
     MICHAEL BEST & FRIEDRICH LLP
     790 Water Street, Suite 2500
     Milwaukee, WI 53202
     Phone: (414) 271-6560
     Fax: (414) 277-0656
     sesarskas@michaelbest.com
     michael.laing@michaelbest.com

     *Attorneys for Defendant A. O.*
     *Smith Corporation*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1, the undersigned counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.

Dated this 27th day of February, 2024

By:  */s/ Andrew A. Roberts*
   Andrew A. Roberts
   Georgia Bar No. 425333
   ALSTON & BIRD LLP
   1201 West Peachtree Street
   Atlanta, Georgia 30309
   Phone: (404) 881-7268
   Fax: (404) 881-7777
   Andrew.Roberts@alston.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, February 27, 2024, the foregoing **DEFENDANT A. O. SMITH CORP.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE** was filed with the Clerk of Court using the CM/ECF system, which will send notice thereof to all counsel of record as follows:

Ann Grunewald Fort annfort@eversheds-sutherland.us

Benjamin Hershkowitz bhershkowitz@gibsondunn.com

Hyunjong Ryan Jin rjin@gibsondunn.com

Jennifer Sandlin jennifersandlin@eversheds-sutherland.com

Josh Krevitt jkrevitt@gibsondunn.com

Robert Scott Roe sroe@gibsondunn.com

Dated this 27th day of February, 2024

By:  */s/ Andrew A. Roberts*
    Andrew A. Roberts
    Georgia Bar No. 425333
    ALSTON & BIRD LLP
    1201 West Peachtree Street
    Atlanta, Georgia 30309
    Phone: (404) 881-7268
    Fax: (404) 881-7777
    Andrew.Roberts@alston.com

- 17 -